Johnson, J.
We concur entirely in the conclusions of the Chancellor, *276 and propose to add to wliat has been already so well said, only a few remarks in reference to the point decided in the case of The Administrators of Jenkins v. The Administrators of Smith, in which relief was granted on the discovery of oral evidence after the trial.
The rule at law, as long and well settled in this State, is, that a new trial will not be granted on the ground of after-discovered testimony. It was so ruled in the case of the State v. Harding, 2 Bay, 267, and has beeu followed ever since. (See Ecfert v. Des Coudress, 1 Con. Rep. 69; Executors of Evans v. Rogers, 2 Nott & M'Cord, 563.) And I am unable to perceive that there is any solid foundation for a different rule in Chancery. The delay to which it would lead, and the danger of subornation of perjury, in which the rule is founded, is precisely as great in the one Court as the other. And that is most obviously the leaning of Chancellor Kent, in Livingston v. Hubbs, 3 John’s Ch, Rep. 241, although the question was not directly decided; and such is obviously the conclusion to be drawn as to the rule in England, from the remarks of the Lord Chancellor, in Taylor v. Sharp, 3 P. W. 371, referred to by Chancellor Kent. During our present sitting, the question, came indirectly before the Court, in the case of Perry v. Mays, in which the same opinion was expressed. The question cannot depend on the number or the respectability of the witnesses — one unsuspected, irreproachable witness, would obtain credit for what he would swear, as soon as an hundred of doubtful and suspicious character, yet it would be difficult to discredit an hundred of such witnesses, who, without any * concert testified to the same facts, and which were in their nature probable. I am therefore very decidedly of opinion, that a rehearing of a cause in Chancery ought not to be granted in any case, on the ground of after-discovered oral evidence.